GEORGE M. BARTHOLOMEW AND OTHERS vs. HENRY N. FARWELL.

THE SAME vs. THE PUTNAM AQUEDUCT COMPANY.

Entries in books of account are not admissible in a party's favor unless verified by the person who made them, if living and within the jurisdiction of the court and a competent witness.

Where such entries in the books of a railroad company were offered in evidence by the petitioners, who were receivers of the insolvent corporation, and the respondent had been the vice president and an active director of the company and a member of its executive committee, but it was not shown that the

books had been in his custody or that it had been his duty to inspect them, nor even that he knew of the existence of the entries, it was held that his relation to the company did not render the entries admissible against him without authentication by the clerk who made them.

Where the person who made the entries is dead, or beyond reach, or incompetent as a witness, his testimony is dispensed with *ex necessitate.*

Where evidence is in itself inadmissible it derives no aid from the fact that other proper evidence in the case tended to prove the same thing.

BILLS IN EQUITY, to compel a conveyance of real estate; brought to the Superior Court in Hartford County, the two cases involving the same general facts, and being heard together. The petitioners were receivers of the Boston, Hartford & Erie Railroad Company, an insolvent corporation. The facts were found by a committee, against the acceptance of whose report the respondents remonstrated. The court (*Pardee, J.,*) accepted the report and passed decrees in favor of the petitioners, and the respondents brought the cases before this court by motions in error. The points decided by the court will be sufficiently understood from the opinion without a statement of the facts.

*Hubbard*, for the plaintiffs in error.

*Perkins* and *S. E. Baldwin*, with whom was *G. W. Phillips*, for the defendants in error.

PHELPS, J. These cases were heard together in the argument, and the question which a majority of the court regard as decisive of them is common to and disposes of both.

The petitioners are receivers of the Boston, Hartford & Erie Railroad Company, and in a bill in chancery asking for an injunction and a decree to compel the respondents to convey to them certain land described in the bill, for the purpose of proving that the land was purchased by the respondent Farwell for the benefit of the corporation and paid for by it, offered in evidence in a hearing before a committee the books of account of the corporation. They were kept and the entries in them made by a clerk then living and residing at the place of trial, and a competent witness. He was not called to authenticate the books and entries, and no

proof was offered of his hand-writing. The committee admitted the books against the objection of the respondents and found proved the fact to which the evidence in question related; and made reports adverse to the respondents; to which the respondents, for the admission of this evidence and for other reasons, remonstrated. The Superior Court overruled the remonstrances, accepted the reports of the committee, and passed decrees in conformity with the prayer of the petitioners, and the motions in error present the question whether the evidence was properly admitted, and the remonstrances correctly overruled.

We think the evidence was inadmissible. Except in the action of book·debt and kindred proceedings in law and equity for the adjustment of matters of account, we believe this kind of evidence has never been received without the clerk or person making the entries, if living and within the jurisdiction, was called to verify them. If dead or beyond reach, or incompetent, his testimony is dispensed with *ex necessitate*. Here the clerk was at hand, and competent, and could have been called, and the essential element of necessity was absent.

The petitioners appear to have relied with some·confidence on the case of *Butler* v. *The Cornwall Iron Company*, 22 Conn., 336, as an authority in favor of the admissibility of the evidence, but we think the court in that case recognized the rule claimed by them only in the exceptional cases and forms of remedy to which we have referred. The bill in that case was for a disclosure and an accounting, and the question was whether the petitioners' books kept by one of themselves, who was absent from the state at the time of trial, were admissible to prove the sale and delivery of certain articles therein charged. The difference between that case and this is what makes the precise distinction in principle. The court there expressly likened the offer to introduce the party's books, to the offer to introduce them in the action of book debt in which they are always admitted, and the reasoning of the court is predicated on the legal analogy between the two forms of action, and the long established practice of admitting this

kind of evidence in the latter.   They allude in terms to the distinction, and we look through the opinion in vain for an expression which seems to have been intended to give countenance to the idea that they supposed they were extending the rule beyond what was understood to have been its former well defined limit, or that they designed to overrule or question former decisions.   The entries in the petitioners' books may perhaps be said not to have been offered to prove a fact strictly collateral to the issue, but in a bill praying for an injunction and a decree for the conveyance of the title to land, we think we should be making a serious departure to hold that entries made by a third person in the account books of the party tending to show that the petitioners were the equitable owners of the land in controversy, though materially corroborated, proved themselves by the mere presentation of the books without the oath of the person making them, when living, and competent to testify, and at hand at the time and place of trial.   The fact that he was not called, if not suspicious, is entirely unexplained, and the books without his verification were inadmissible.   The principle applicable to this case is expressed in *Livingston* v. *Tyler*, 14 Conn., 493, and in other cases cited in the respondents' brief, and we know of no authority in conflict with it.

The record shows that there was other evidence confirmatory of what appeared in the books of the railroad company, and if we could satisfactorily determine that the mind of the committee was uninfluenced by the consideration of the improper testimony, we should be inclined to find, if practicable, some way to overlook the error as immaterial and harmless ; but the court has found that "it had material influence in leading the committee to the conclusion stated in his report." Possibly therefore, and for aught we can say, probably, without this evidence his conclusions might have been unfavorable to the petitioners.   The fact of the existence of corroborating proof has seemed to be regarded as of considerable importance in those cases where books of account were admissible, and in some of them has been spoken of as furnishing a reason why the evidence if admitted would be unlikely to work

injustice, because the reliability of the entries in the books was in that way more fully established ; but when the evidence is in itself inadmissible, it derives no aid from the fact that other and proper testimony would tend to prove the same thing. Inadmissible evidence can never be made admissible by corroboration.

It is said by the petitioners that at the time of the transaction in question, the respondent Farwell was an active director and vice president of the corporation, and one of its principal managers and a member of its executive committee, and that the books of the rail road company were admissible against him because they contained entries against his interest which he impliedly admitted to be true. This claim proceeds upon the theory that Farwell had knowledge of the entries in the books, and by not objecting to them or denying their correctness, must be held to have admitted they were true. It is entirely based on the official relations of Farwell to the corporation and the fact that the books were found by the petitioners in the office of the rail road company. No proof was offered that they were regularly kept, or that Farwell had in fact ever seen them, or that they were open to his inspection, or that it was his business or habit to examine them, or that he was aware of the existence of the entries. His duties may or may not have made him conversant with the books, and in the absence of all evidence on the subject we cannot safely or properly conjecture. The petitioners should have offered some proof beyond the mere official character of Farwell, and the place where the books were found, especially when his official relations to the corporation were not such as to *primâ facie* necessarily charge him with the custody, keeping or inspection of the books. The foundation for the claim is imperfectly and insufficiently laid, and the presumption arising from his silence too remote and unsubstantial to justify the assumption of his knowledge of and acquiescence in the entries, and his admission of their truth.

As our conclusion upon this point disposes of both cases, and of the only question arising in one of them, we have not

fully considered the remaining claim of error assigned in one of the motions, and express no opinion in regard to it. There is manifest error.

In this opinion the other judges concurred; except CAR-PENTER, J., who dissented.