A new trial is not advised.

In this opinion the other judges concurred.

———•◦•———

THE NEW HAVEN & NORTHAMPTON COMPANY *vs.* PHINEAS B. GOODWIN AND ANOTHER.

Entries made in the regular course of business in the account books of a partnership by a partner who has since gone to parts unknown and cannot be produced in court, are admissible in evidence in favor of the partnership without the testimony of such partner.

ASSUMPSIT, to recover a bill of freight; brought to the Court of Common Pleas of New Haven County, and tried to the court before *Peck, J.*

The plaintiffs are a railroad company, and the defendants, at the time the bill accrued, were co-partners under the name of Goodwin & Buck, dealing in coal, at Unionville, upon the railroad of the plaintiffs. The plaintiffs transported coal for the defendants at sundry times from November, 1873, to March, 1874. During all this time and until June 4th, 1874, Buck was the agent of the plaintiffs at Unionville, but at the date last mentioned he absconded to parts unknown, and since then he has not been found within the state, and neither party had any knowledge as to where he was at the time of the trial.

The defendant Goodwin, who made defense in behalf of the firm, claimed that the several items of freight charged in the plaintiffs' bill of particulars had been paid, and offered in evidence the books of the copartnership, in which were entries with regard to the matter made by Buck as one of

the firm in the regular course of business. He offered no other evidence of payment. The plaintiffs objected to the admission of the books unsupported by the evidence of Buck, and the court sustained the objection and held them inadmissible.

The court having rendered judgment for the plaintiffs the defendants moved for a new trial for error in the rejection of the books as evidence.

*E. Hall,* in support of the motion.

*York,* contra.

PARK, C. J. We think the court below erred in rejecting the books of the defendants as evidence in the case upon the question whether the claims of the plaintiffs had been paid. It was in evidence before the court, that the books had been kept by Buck, one of the defendants, and that all the entries in them regarding the transactions between the parties were proper charges to be entered upon the account books of the partnership, and that they were all made by Buck in the regular and usual course of the business of the partnership. It was also in evidence that a long time before the trial Buck had absconded to parts unknown out of the state, and that he was still absent and could not be procured as a witness. Under these circumstances we think it is clear that, by the law of this state, the books should have been received in evidence without the testimony of Buck in regard to them. He had gone to parts unknown, and could not be produced as a witness. The same necessity therefore existed for receiving the books in evidence that would have existed if Buck had been dead at the time of trial. If such had been the case they would undoubtedly have been evidence. 1 Smith's Lead. Cases, 225, 231; *Livingston* v. *Tyler,* 14 Conn., 493; *Stiles* v. *Homer,* 21 Conn., 507; *Butler* v. *The Cornwall Iron Co.,* 22 Conn., 335; *Ashmead* v. *Colby,* 26 Conn., 287; *Bartholomew* v. *Farwell,* 41 Conn., 107.

We advise a new trial.

In this opinion the other judges concurred.