Sullivan,
Nov. 6, 1917.

### JOHN ROBERTS & a. v. CLAREMONT POWER COMPANY.

In an action for polluting a stream and thereby injuring the product of the plaintiff's mill, an amendment, adding as plaintiff the administrator of the plaintiff's predecessor in the title and business, was properly granted, it appearing that the intestate owned the business for a part of the period covered by the declaration, specification and evidence.

It is presumed, in the absence of contrary evidence, that in the trial and decision of a case a referee or commissioner correctly applied the law.

The refusal of commissioners to make a requested finding, which would be inconclusive on any issue, is not ground to set aside their report.

The objection that commissioners to assess damages were not sworn, is not made seasonably, if not taken until after the filing of their report.

A witness in testifying to the quantity and prices he received for damaged goods, which he sold through factors, may assist his memory by referring to written statements thereof regularly prepared by their employees, and containing the discount from regular prices at which the goods were sold and accounted for to the witness, though the employees did not testify, being either dead or beyond the jurisdiction.

CASE, for polluting the waters of Sugar river. After default the damages by agreement of parties were assessed by commissioners. The damage consisted of injury to cloth made in the mill of the plaintiff, John. During the hearing before the referees it appeared that his father, Alexander Roberts, owned the business for a part of the time covered by the declaration, the specification of damages and the evidence. Thereupon the plaintiff moved that the administrator of Alexander's estate be added as a party plaintiff. The motion was granted by *Sawyer*, J., and the defendant excepted upon the ground that the amendment brought in a new and separate cause of action.

The commissioners were not sworn. The defendant requested

them to find when it would first have occurred to a reasonable man to avoid future damage by installing a pipe to take water from the fore bay. The commissioners refused to so find, upon the ground that they were not expected to offer their opinion upon the subject.

The defendant's motion to set the report aside for these reasons was denied by *Branch*, J., because the defendant's failure to make reasonable inquiry as to the oath of the commissioners constituted a waiver, and because the requested finding would not have been conclusive on any issue in the case. The defendant excepted, and these exceptions, together with a question of evidence which is stated in the opinion, were transferred from the November term, 1916, of the superior court.

*Hurd & Kinney* (*Mr. Hurd* orally), for the plaintiffs.

*Stickney, Sargent & Skeels* (of Vermont) and *Philip H. Faulkner* (*Mr. Skeels* orally), for the defendant.

PEASLEE, J. The objection that the commissioners had not been sworn was one that could and would have been seasonably obviated if it had been seasonably taken. If the defendant had made reasonable inquiry, the fact would have been ascertained. Under these circumstances, the rule applicable to the objection to jurors for disqualification controls. "The general rule derived from the cases is, that if the party has used reasonable diligence to ascertain the competency of a juror, and has failed to discover disqualifying facts afterwards proved . . . the verdict will be set aside; otherwise not." *Harrington* v. *Railroad*, 62 N. H. 77, 79.

The defendant relies upon *Ela* v. *McConihe*, 35 N. H. 279. The case sustains the contention, but rests upon a mistaken view of the reason why relief is denied in such cases. It adopts the theory that unless the party is put upon inquiry he may take the objection at a later stage of the proceedings. But the rule being that one who wishes to object must act with diligence, *Ela* v. *McConihe* is not now the law. The later cases are numerous, and are based upon a rational idea of a procedure calculated to promote justice and end litigation. *Ready* v. *Company*, 67 N. H. 147; *Hersey* v. *Hutchins*, 70 N. H. 130; *Bickford* v. *Franconia*, 73 N. H. 194.

The amendment adding the administrator of the estate of Alexander Roberts as a party was properly allowed. *Unity* v. *Pike*, 68 N. H. 71, and cases cited.

The defendant requested the commissioners to find when it would "first have occurred to a reasonable man that such a pipe would obviate any damage. . . ." The commissioners refused to so find and the defendant excepted. There was no request for any other finding upon the issue of reasonable conduct on the part of the plaintiff. The defendant now argues that this was a request to find whether the plaintiff acted reasonably in the protection of his property from the pollution of the water caused by the defendant. It is manifest that the request falls far short of this. If the commissioners had found that it would at once have occurred to a reasonable man that a pipe would prevent further damage, it would have settled nothing. The question whether a reasonable man would have thought it the proper course to take would be unanswered. No finding was asked on this question.

Assuming, therefore, that the law might require the plaintiff to take steps to avoid future damage because it was likely that the defendant would in the future continue its unlawful pollution of the water, there was no error in the course pursued by the commissioners. Presumably they correctly applied the law in the trial and decision of the case. *Searles* v. *Churchill*, 69 N. H. 530. If other special findings had been desired in order to show how the conclusions were reached, they should have been asked for. In the absence of such requests, the presumption applied in *Searles* v. *Churchill* is conclusive against the objecting party.

Certain memoranda, called sales sheets, were used by the plaintiff to assist his memory in testifying to the amount and price of damaged cloth he sold. It appeared that he shipped his product to Dommerich & Co. of New York, and that they sold it for him on commission. An employee of theirs examined the goods for defects and reported to one Holmes, who also received and adjusted claims made by purchasers for discounts on account of damaged goods. From the data so obtained Holmes made up the discounts from regular prices at which the plaintiff's goods were sold. These figures he gave to one Miller who entered them on Dommerich's books, and sent the sheets made up from the books to the plaintiff each month as the statement of his account with the selling house. Their accounts were settled on this basis. The evidence was objected to because neither the employee who examined the goods nor Miller was produced to verify the correctness of the statements. Holmes was a witness and testified to his part in the transaction, and to the course of business which resulted in the sheets being sent

to the plaintiff.    One of the other participants in the transactions was dead and the rest were out of the jurisdiction.

The exception presents two questions as to the use of entries or records made in the usual course of business:—whether all whose acts or statements form the basis of the entry must be called to verify their part of the transaction, and whether the person performing the clerical act of making the entry must testify to its correctness. In each instance an exception to the rule excluding hearsay evidence is involved.    These exceptions are made when two reasons therefor exist.    There must be a greater or less degree of necessity for the admission of the evidence, and the circumstances must be such as to guarantee that the statements are fairly trustworthy.    Wig. Ev., s. 1420 *et seq.*

Upon the question of necessity for receiving such declarations or entries without the testimony of those who made them, it is quite generally held that the death of the actor always shows a sufficient necessity for admitting the evidence.    Such is unquestionably the law in this jurisdiction.    *Lane* v. *Hill*, 68 N. H. 275.    In other jurisdictions there has been much conflict in the decisions as to whether unavailability of the witness for other reasons is sufficient. The true rule was stated by *Shaw*, C. J., in *North Bank* v. *Abbot*, 13 Pick. 471.    "The ground is, the impossibility of obtaining the testimony; and the cause of such impossibility seems immaterial." Most of the cases in this state considering these exceptions to the hearsay rule were those where the declarant was dead, and the rule has often been stated in general terms as applying to the declarations of deceased witnesses.    But no case has been cited or found wherein the unavailability of the witness for other causes was unsuccessfully urged as ground for admitting the declaration. On the contrary, in the few instances where the question has been presented the conclusions are in harmony with the general principle indicated by Chief Justice *Shaw.*

The contents of a writing may be proved by secondary evidence when the original is shown to be outside the jurisdiction.    *State* v. *Wren*, 77 N. H. 361, 362, and cases cited.    So when a witness to a deed is outside the jurisdiction "his non-production is well accounted for" and his handwriting may be proved by secondary evidence.    *Dunbar* v. *Marden*, 13 N. H. 311, 316.    Office copies of deeds not in a party's chain of title (execution and delivery being proved) may be used to show the contents of the deeds by merely showing diligent search for the originals.    *Wells* v. *Company*, 48

N. H. 491, 535. In *Lassone* v. *Railroad,* 66 N. H. 345, although the question was one of entries made by a party since deceased, the general rule as to the admissibility of entries was considered, and the broad test of necessity was adopted: "The person who made the entry, if he is alive, and a competent witness, and within the jurisdiction, is called to verify his writing. 'If dead, or beyond reach, or incompetent, his testimony is dispensed with *ex necessitate.*' *Bartholomew* v. *Farwell,* 41 Conn. 107, 109; *New Haven & Northampton Co.* v. *Goodwin,* 42 Conn. 230, 231." And again, "The admissibility of the declarations is in such cases limited by the necessity upon which it is founded. *Chaffee* v. *United States,* 18 Wall. 516, 541." *Ib.* 357.

In all these cases where a less preferred class of evidence is offered, the absence of the preferred must be accounted for. There must be a real occasion for resorting to the less reliable means of proof. The fact that the declarant or entrant is dead is conclusive of the fact that his testimony cannot be had. It is not, as has been assumed in many cases, the sole test for the admissibility of the less preferred evidence. The test is whether the testimony of the actor can be compelled by process of the court. If it cannot, its unavailability is established and a sufficient foundation is laid for admitting the less certain mode of proof. It is immaterial whether the unavailability of the better evidence lies in the fact that a witness is dead or a paper has been destroyed, or whether one or the other is out of the jurisdiction, or cannot be found after diligent search.

But it is not every statement or memorandum made by an unavailable witness that is admitted. There must also be what is called "the circumstantial guarantee of trustworthiness," which "is found in a variety of circumstances sanctioned by judicial practice." Wig. Ev., *s.* 1422.

The circumstances surrounding the verbal declarations of the inspectors to Holmes and the written statements of Miller to the plaintiff fulfil all the conditions that have been suggested as a guaranty that they were true. They were made by persons in the course of their business; it was their duty to make them. The declarants had peculiar means of knowing the facts stated, and had no interest to misrepresent. The opinion in *Sugden* v. *St. Leonards,* 1 Law Rep. P. D. 154, favoring the admission of such statements when the testimony of the declarant cannot be obtained, is quoted with approval in *Lane* v. *Hill,* 68 N. H. 275, 279. In *Roberts* v. *Rice,* 69 N. H. 472, entries made by one whose duty it was to do so were

admitted; and in *Hutchins* v. *Berry*, 75 N. H. 416, a statement was admitted although there was no duty incumbent on the declarant. The defendant cites no authority for his objection to the admission of the evidence in this case, but relies upon the proposition that hearsay is excluded. While this is the general rule, it is modified by many exceptions, and the evidence was properly received as coming within one of them.

*Exceptions overruled.*

. All concurred.