Hillsborough, } No. 4132.
Dec. 2, 1952. }

CECILE GAGNON *v.* ALVINE PRONOVOST & a.

*Chretien, Bergevin & Chretien (Mr. Alfred J. Chretien* orally), for the plaintiff.

*Cooper, Hall & Cooper (Mr. Burt R. Cooper* orally), for the defendants.

BLANDIN, J. The first issue before us is whether the question of the respective interests of the parties is *res judicata* as the defendants claim. This matter originally came to us as the result of a dispute over the construction of a deed. The grantees in the deed were Georgiana Turgeon and Jules Letourneau. The plaintiff claims under Georgiana and the defendants under Jules. Our opinion held that the case "presents the question whether a joint tenancy or a tenancy in common was created by the deed." *Gagnon v. Pronovost,* 96 N. H. 154, 155, 156. This was the sole issue then before us and we decided that the evidence being insufficient to establish a joint tenancy, a tenancy in common was created. Later the case was again before us on a petition for reformation, the question being whether the same deed should be

reformed on the ground of mistake to correspond with the alleged intention of the parties to establish a joint tenancy. We denied the petition and again held that a tenancy in common was created. *Gagnon* v. *Pronovost,* 97 N. H. 58. In the course of this opinion we stated that the first transfer involved "the issue of the nature of the interests created in the grantees by the deed in question." *Id.,* 60. The opinion then says, "We conclude that the evidence fails to clearly indicate that each grantee intended survivorship, rather than a tenancy in common *with interests proportional to the investment of each." Id.,* 63. (Emphasis supplied.) This plain statement and the authorities which we cited following it indicate clearly that we did not decide what were those proportional interests. Rather, we left this "to be disposed of by the Trial Court." *Id.,* 64. It follows that this issue is not *res judicata. Gagnon* v. *Pronovost, supra,* 60, and authorities cited.

The defendants now contend that even if this question is not *res judicata,* the decree of the Superior Court must be set aside because it is not supported by competent evidence. They also assert that the plaintiff is estopped to claim disproportionate interest because she previously claimed the whole title. However, this claim was based on the proposition that the deed was joint and we fail to see anything inconsistent between this and her present contention that since Georgiana, her predecessor in title, furnished five-sixths of the purchase price, she is entitled to that proportion of the property. There is no evidence that the defendants have relied to their prejudice on the plaintiff's conduct so the elements of estoppel are lacking. *Jodoin* v. *Baroody,* 95 N. H. 154, 156. Nor has there been anything in the nature of an election by the plaintiff to bar her present action. *Ricker* v. *Mathews,* 94 N. H. 313. Since the matter is not *res judicata* and there is no estoppel, the defendants' objections on this score are unavailing.

However, their exception to the admission of the one memorandum book kept by Georgiana in French which the Court did consider raises a substantial question. In this book Georgiana wrote as follows: "April 1929 Me buy house pay $6,000, Me I have given $5,000, Jules has paid $1,000." This small memorandum book contains notes covering a period of many years. They include notations concerning stocks, savings, the number of a safe deposit box and other miscellany. They are not in chronological order. Plainly these memoranda cannot be admissible under an exception to the hearsay rule as entries made in the regular course of business.

There is no indication that the entries were made contemporaneously with the facts or in the usual course of business or in the performance of any duty, legal or moral (see *Lassone* v. *Railroad,* 66 N. H. 345), which are among the requirements of our law for admission under this one of many exceptions to the hearsay rule. *Lebrun* v. *Railroad,* 83 N. H. 293, 299, and authorities cited. Nor is it at all clear that the book was competent as an admission against interest. Since the entry claims Georgiana paid five-sixths of the price and Jules one-sixth, it may be argued that this statement was in her interest as well as that it was against it. However, we believe the sensible test to determine whether this evidence should have been admitted was suggested by *Peaslee,* J., many years ago in *Hutchins* v. *Berry,* 75 N. H. 416, where he said when speaking of a record kept in a memorandum book, "[Is] this account so lacking in apparent trustworthiness that it must be wholly rejected, or should it be admitted, and the objections to it be used to detract from its weight? The latter course seems the more reasonable." *Id.,* 419. We agree with this statement and so apparently do influential modern authorities. See Am. Law Inst., Model Code of Evidence 329. In the case before us the Court in the first instance passed on the "apparent trustworthiness" of the memorandum book as is proper. See *Williams* v. *Williams,* 87 N. H. 430, 432. The record shows that he examined it at some length, discussed it with counsel and then said, "It appears to be authentic . . . . It has an aura of being truthful and of some help, and for that reason I am going to admit it. . . ." Considering all the circumstances, including the fact that the declarant was dead, we cannot say his discretion was abused. See *Hutchins* v. *Berry,* 75 N. H. 416, 419. We believe this evidence meets the tests suggested in the above. It therefore appears the decree that the interests of the parties were proportional to the investment of each was supported by sufficient evidence and must be upheld. *Bittle* v. *Clement,* N. J. Ch., 54 Atl. 138. 62 C. J., Tenancy in Common, *s.* 24, *p.* 420. 156 A. L. R. 508, 515 *n.,* 517. No other exceptions of merit appearing in the record, the order is

*Decree affirmed.*

DUNCAN, J., concurred in the result: the others concurred.