Rockingham,
No. 4621.

MANUEL PERRY, JR. *v.* JOHN PARKER.

Submitted April 1, 1958.

Decided May 29, 1958.

296

*John B. Ford* for the plaintiff, furnished no brief.

*Sleeper & Mullavey* for the defendant.

KENISON, C. J.  Maps, surveys, plans and plots which are thirty years old, free on their face of suspicion and found in proper custody are admissible in evidence as ancient documents as an exception to the hearsay rule.  *Lawrence* v. *Tennant*, 64 N. H. 532; *Twombly* v. *Lord*, 74 N. H. 211.  The plan in this case, although over twenty-five years old, does not satisfy this test of antiquity and is not classified as an ancient document.  46 A. L. R.  (2d) 1318.  There was a suggestion in a dictum in *Homer* v. *Cilley*, 14 N. H. 85, 98, that the period might be reduced to twenty years but it died aborning.  However, we think the plan was admissible on broader grounds.

As a starting point the following quotation from *Ferguson* v. *Clifford*, 37 N. H. 86, 95, is pertinent:  "Official registers, or books kept by persons in public office, in which they are required to write down particular transactions, or to enrol or record particular contracts or instruments, are generally admissible in evidence, notwithstanding their authenticity is not confirmed by those usual and ordinary tests of truth — the obligation of an oath and the power of cross examining the persons on whose authority their

truth and authenticity may depend. This has been said to be, because they are required by law to be kept, because the entries in them are of public interest and notoriety, and because they are made under the sanction of an oath of office, or in the discharge of an official duty." Wigmore has emphasized that on the principle of necessity and the principle of circumstantial probability of trustworthiness such evidence is and should be admissible. V Wig. Ev. (3rd *ed.*) *ss.* 1631, 1632. See also, *State* v. *Story,* 97 N. H. 141, 158. The fundamental inquiry is not the name or number of the exceptions to the hearsay rule (*Ellsworth* v. *Watkins,* 101 N. H. 51, 52) but whether "under the circumstances [the evidence] satisfies the *reasons* which lie behind the exceptions." McCormick, Evidence (1954) *p.* 633.

This basic approach was set forth in another connection in *Gagnon* v. *Pronovost,* 97 N. H. 500, 503: "However, we believe the sensible test to determine whether this evidence should have been admitted was suggested by *Peaslee,* J., many years ago in *Hutchins* v. *Berry,* 75 N. H. 416, where he said when speaking of a record kept in a memorandum book, '[Is] this account so lacking in apparent trustworthiness that it must be wholly rejected, or should it be admitted, and the objections to it be used to detract from its weight? The latter course seems the more reasonable.' *Id.,* 419. We agree with this statement and so apparently do influential modern authorities." See V Wig Ev. (3rd *ed.*) *s.* 1576, note 4 (1957 supp.).

Reduced to its simplest terms the Trial Court could find that the plan in the present case considering its age, appearance and custody was reliable and helpful in deciding the boundary dispute before him and therefore admissible. See *Tuftonboro* v. *Willard,* 89 N. H. 253; McCormick, Evidence (1954) *p.* 479. "When a witness is not available at all or available only with a disproportionate expense of time, let us hear what he has said on the matter, just as we do in every other concern of life." *Learned Hand,* J. in "The Deficiencies of Trials to Reach the Heart of the Matter" quoted in V Wig. Ev. (3rd *ed.*) *s.* 1576, *p.* 436.

*Exception overruled.*

All concurred.