Belknap,
No. 4793.

## ROBERT E. O'HAIRE $v.$ ROLAND H. BRETON.

Argued February 1, 1960.

Decided March 31, 1960.

*Nighswander, Lord & Bownes* and *William T. Krasnow* (*Mr. Krasnow* orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* (*Mr. Bergevin* orally), for the defendant.

LAMPRON, J.  The first issue to be decided is the admissibility of a written report made to the Veterans Administration by one Richard M. Yousoufian concerning the shallow well and pump installed by defendant on plaintiff's premises.

The plaintiff as a paraplegic veteran obtained a grant toward the cost of his home from the Veterans Administration.  Staff personnel in its Manchester office drew the plans and inspected plaintiff's property periodically during the course of construction.  According to the contract between plaintiff and defendant disbursements were to be made to the builder at certain stages of construction and "no stage shall be considered to have [been] completed until all preceding stages have been completed in conformity with the plans and specifications and approved by the Veterans Administration."

Upon complaint to it by the plaintiff about the water supply the Veterans Administration retained Mr. Yousoufian as "an independent engineer to investigate the water situation at Mr. O'Haire's place." As a result the report in question, dated November 12, 1955, states that "the writer made an inspection of the property . . . on November 5, 1955, in order to determine the cause of the faulty flow of water in the present domestic water installation and to recommend remedies for any conditions requiring correction." Among "the conclusions reached by the writer" were the following: "2. The condition of the shallow well indicates its unfitness for human consumption. 3. The entire installation, including the pumping unit, is inadequate for the requirements." Mr. Yousoufian was deceased at the time of the trial.

The evidence offered is the written report of an inspection made at the request of the Veterans Administration by a consulting engineer, now deceased. It deals with the water situation on premises of the plaintiff veteran, the construction of whose home the administration has planned and periodically inspected as part of its operation.

To qualify such a report as an exception to the hearsay rule there must be a necessity for its admission as evidence and the circumstances under which it was made must be such as to guarantee that the contents are fairly trustworthy. *Lebrun* v. *Railroad*, 83 N. H. 293, 299. The death of the declarant satisfies the requirement of necessity. *Roberts* v. *Company*, 78 N. H. 491, 494. The report is dated a few days after the entrant made an inspection of plaintiff's premises for the purpose of investigating the water situation. His inspection and report were made in his capacity as a consulting engineer. There was no evidence of any controlling motive to misrepresent. By admitting the report in evidence it must be assumed the Trial Court found that it was apparently trustworthy and there being evidence to support this conclusion it will not be disturbed. *Williams* v. *Williams*, 87 N. H. 430, 432.

The fact that the report contained opinion statements did not make it inadmissible. Under our rule the admission of opinion evidence depends upon whether or not in the sound discretion of the Presiding Justice evidence of that nature will probably aid the jury. The question of whether the testimony of a witness offered as an expert may be received is also within the discretion of the Trial Court. *Dowling* v. *Shattuck*, 91 N. H. 234. Here again it

must be assumed from the admission of the report in evidence that the Trial Court found that the declarant was qualified and that his views would probably aid the jury. *Emery* v. *Company*, 89 N. H. 165, 169.

The Trial Court properly admitted this apparently trustworthy report of a deceased consulting engineer made to a client in the exercise of his profession at or near the time of the matter recorded. "The fundamental inquiry is not the name or number of the exceptions to the hearsay rule . . . but whether under the 'circumstances the evidence satisfies the reasons which lie behind the exceptions.'" *Perry* v. *Parker*, 101 N. H. 295, 297; *Gagnon* v. *Pronovost*, 97 N. H. 500, 503; V Wig. Ev. (3d *ed.*) *ss.* 1521-1528; McCormick, Evidence (1954) 633; *Dowling* v. *Shattuck, supra;* V Wig. Ev. (3d *ed.*) *s.* 1533.

The following requests for instructions were made by the defendant. "2. You are instructed that under the terms of his contract with the plaintiff, the defendant was not required, with respect to the water supply system, to do more than install an ordinary, commonly accepted shallow well . . . 3. The defendant did not, by his contract make himself · the guarantor of the quality or the volume of water that would flow in the plaintiff's well."

The Court in its charge to the jury read that part of Addendum #1 which pertains to the well, viz. "Install a shallow dug tile well, to be connected to electric pump furnished by the contractor and serving entire water supply system on the property" then continued "It is for you, as jurors, to determine what the obligations were upon both parties, or upon the defendant particularly in this case, as far as performance is concerned from . . . the ordinary meaning that you as ordinary men would give to these words . . . You may determine that under this contract the defendant was required to produce a certain amount of water . . . If you find that, you would then determine whether or not he did furnish water in a quantity and quality in accordance with what you would understand compliance with the terms of this contract would require . . . You may find that the contract terms did not require him to furnish water of any particular quantity or that the quality of the water that was furnished was completely in compliance with the contract."

"Notwithstanding that the construction of a contract or other written document primarily presents a question for the court, nevertheless, when the construction or application of the document

involves the determination of questions of fact outside of the writing, the intention of the parties may be submitted to the jury upon proper instructions." *Derosier* v. *Company*, 81 N. H. 451, 455. *Pettee* v. *Chapter*, 86 N. H. 419, 428; *Berke Company* v. *Bridge Company*, 98 N. H. 261, 265; IX Wig. Ev. (3d *ed.*) s. 2556. There was conflicting evidence as to the type of well and of performance the parties intended by the words used in the contract and as to whether or not the well installed by the defendant complied with their intent. It was therefore appropriate for the Trial Court to submit the issue of what the parties intended by the language used to the jury for determination under proper instructions. *Barnard* v. *Insurance Co.*, 88 N. H. 292; *Perry* v. *Company*, 99 N. H. 451, 453.

However the general rule is that under a contract to sink a well, the contractor does not, in the absence of any provision to this effect, guarantee the results of the undertaking in respect of the quantity or quality of the water to be produced. 56 Am. Jur., Waters, s. 146, *p.* 620; *Sweezy* v. *O'Rourke*, 226 N. Y. 378; *Skalsky* v. *Johnson*, 138 Minn. 275; *Charles* v. *Umentum*, 261 Wis. 647, 651; see annos. 55 A. L. R. 1385, 1550; 109 A. L. R. 395, 421. The jury therefore should not have been permitted to find an undertaking by the defendant that the well was to produce water of a certain quantity or quality without instructions that it must first find that the language of the contract was an express undertaking to that effect if given the meaning which would usually be given to it by reasonable men in the position of the parties. *Paisner* v. *Renaud*, 102 N. H. 27, 30.

Although defendant's request No. 3 was not a complete statement of the applicable law, it did direct the attention of the Trial Court to the above principle of law and an appropriate instruction should have been given. *Smith* v. *Hooper*, 89 N. H. 36, 39; *Stowe* v. *Hartford*, 91 N. H. 261, 264. A reading of the charge shows that there is a probability that its language may have conveyed to the jurors an erroneous conception of the law stated above and it is probable justice may not have been done. *West* v. *Railroad*, 81 N. H. 522, 531; *Hall* v. *Insurance Co.*, 90 N. H. 191, 196. As defendant duly excepted to the Court's failure to instruct in accordance with said request No. 3 the specific defect complained of was brought to the attention of the Court and the verdict must be set aside.

Defendant's exception to the Trial Court's refusal to direct a

verdict in his favor must be overruled. Although the evidence is in conflict it cannot be said that full performance of the contract by the defendant is the only conclusion to which reasonable men could arrive. *Lamarche* v. *Granite State &c. Ins. Co.*, 101 N. H. 210, 212. Although plaintiff agreed that the Veterans Administration could release the final payment due the defendant on the contract there was also evidence that plaintiff understood that defendant was under obligation to rectify defects in the work for one year after completion. No release executed by the plaintiff was introduced and there was evidence that after final payment defendant made repeated attempts to improve the water supply. The evidence was not conclusive that plaintiff or the Veterans Administration on his behalf accepted defendant's performance as full and complete under the terms of the contract. *Danforth* v. *Freeman*, 69 N. H. 466.

*New trial.*

All concurred.