Hillsborough,
No. 5248.

MARY A. SULLIVAN *v.* HENRY E. DUMAINE *& a.*

Argued September 10, 1964.
Decided December 30, 1964.

*Hamblett, Kerrigan & Hamblett (Mr. Joseph M. Kerrigan* orally), for the plaintiff.

*Clancy & O'Neill (Mr. Frank B. Clancy* orally), for the defendants.

KENISON, C.J. There was some evidence to support the plaintiff's claim that she was promised the property at 4 Hamilton Street in Nashua by the decedent Michael Sullivan. See *White* v. *Poole*, 74 N. H. 71. However we cannot say that the defendants' contention and the determination of the Trial Court "that there is a lack of clear and convincing evidence" that the promise was made is erroneous on the record before us. A leading commentator in this field (Sparks, Contracts to Make Wills 22-23, 24 (1956)) summarizes the problem as follows: "Much of the litigation concerning contracts to make wills has been prompted by nothing more than a feeling that the decedent ought to have made a certain property disposition and that he therefore must have contracted to that effect. To this it need only be said that moral oughtness, however strong or compelling, does not create a legally enforceable obligation. . . . Guarding against an otherwise probable tendency to find a contract based on moral oughtness rather than upon offer and acceptance

supported by consideration is the rule requiring a higher degree of evidence to sustain a contract to make a will than is required in contracts generally. While this rule has been variously stated, its most usual form is that the evidence of contracts to devise or bequeath must be clear and convincing." *Boyle* v. *Dudley*, 87 N. H. 282, 284; *Foley* v. *Hospital*, 98 N. H. 186, 188. *Cf. Lemire* v. *Haley*, 91 N. H. 357. The plaintiff's exception to the denial of her petition for specific performance is overruled.

The defendants contend that the award of damages of $6,000 to the plaintiff was beyond the power of the Court. Partial reliance is placed on 49 Am. Jur., Specific Performance, *s.* 164, *p.* 187: "Relief in the nature of money damages for a breach of contract cannot be given under a general prayer, where the specific prayer asks for the specific performance of a contract, which is in fact unenforceable because of indefiniteness and uncertainty." Suffice it to say that this does not state the law of this jurisdiction. Once having acquired jurisdiction, equity will give complete relief rather than forcing the parties to the delay and expense of a new trial. *Barber* v. *Somers*, 102 N. H. 38, 43; *Manchester Amusement Co.* v. *Conn*, 80 N. H. 455. All parties to this proceeding in their pleadings requested "such . . . relief as may be just" and the Trial Court was warranted in awarding damages as an incident to complete relief. *Oullette* v. *Ledoux*, 92 N. H. 302, 306; *Day* v. *Washburn*, 76 N. H. 203. It is not every claim for a contract to make a will that requires or should require four trials and four appeals. See the litigation in *Lemire* v. *Haley*, 91 N. H. 357; 92 N. H. 10; 92 N. H. 358; 93 N. H. 206. The plaintiff's failure to sustain her burden of proof for specific performance did not preclude her right to any relief. The rubric of restitution is not displaced because a specific type of equitable relief cannot be proved. There was evidence in the record to enable the Court to make an award of damages to the plaintiff. She testified with reasonable particularity as to the services she rendered for the decedent. From this evidence the Trial Court could arrive at their reasonable value over and above the value of her food and lodging plus the weekly remuneration which she received. *Lemire* v. *Haley*, 93 N. H. 206, 208. It is also to be noted the award is based in part on the fact that the plaintiff was "harassed unnecessarily" by the actions of some of the defendants while litigation was pending.

RSA 516:25, enacted by Laws 1953, *c.* 182, reads as follows: "DECLARATIONS OF DECEASED PERSONS. In actions, suits or proceedings by or against the representatives of deceased persons, including proceedings for the probate of wills, any statement of the deceased, whether oral or written, shall not be excluded as hearsay provided that the trial judge shall first find as a fact that the statement was made by decedent, and that it was made in good faith and on decedent's personal knowledge." This statute is similar to 63(4) (c) of the Uniform Rules of Evidence which was taken from Mass. L. Ann., *c.* 233, *s.* 65. See Chadbourn, Bentham and the Hearsay Rule — A Benthamic View of Rule 63(4) (c) of the Uniform Rules of Evidence, 75 Harv. L. Rev. 932 (1962). One ". . . obvious purpose of this statute . . . was to prevent injustice to the estates of deceased persons by permitting an executor in certain circumstances to give the deceased's version of a disputed transaction." *Yeaton* v. *Skillings*, 100 N. H. 316, 319. That is not the only purpose of the statute. McCormick, Evidence, *ss.* 303, 304 (1954); 5 Wigmore, Evidence (3d *ed.*) *s.* 1576(2). Under this statute the "admissibility of the evidence is based on guarantees of truthfulness in the form of preliminary findings by the Court." *Yeaton* v. *Skillings, supra.* The statute cuts both ways; it may allow evidence that is favorable to an estate or unfavorable to it. The statute allows the evidence to be admitted because it is considered trustworthy and necessary if the conditions of the statute are met. *Robertson* v. *Hackensack Trust Co.,* 1 N. J. 304, 315-324.

If the Court finds the statement of the deceased (a) was not made by the decedent; or (b) was not made in good faith; or (c) was not made on decedent's personal knowledge it is excluded. All three factors are necessary if the statement of the deceased is to be allowed in evidence and when all three factors are present there is a substantial probability that the statement is reliable. Greater care may be required in trials before a jury than those tried by the Court. In the present case the statements of the deceased were received on a somewhat informal basis during the trial but we have been unable to detect any error in their final admission by the Presiding Judge.

RSA 516:25 is a compromise statute. Second Report, N. H. Judicial Council, *pp.* 22-24 (1948). It is not as broad as Model Code of Evidence, Rule 503 but it is broader in allowing the admission of evidence than the conventional exceptions to

the hearsay rule permit. See *Perry* v. *Parker*, 101 N. H. 295, 297. The Legislature in enacting RSA 516:25 determined that it was in the public interest to give the Trial Court some flexibility in admitting hearsay statements that appeared to be trustworthy and excluding those that were not trustworthy. The truth is often difficult to resurrect and Solomonic certitude is not always discovered but the statute gives the Trial Court, who sees and hears the witnesses, guide lines as effective as yet devised. See Maguire, Hearsay Obscurity — Glimmers of Daylight, 3 N.H. B. J. 145, 147 (1961); 4 Report, California Law Revision Commission, *pp*. 459-465 (1963); McCormick, Hearsay, 10 Rutgers L. Rev. 620, 624 (1956); see Rule 63(32) of Rules of Evidence, adopted by the New Jersey Supreme Court, effective July 1, 1965.

> *Exceptions overruled; judgment on the verdict.*

All concurred.