Merrimack
No. 6599

KATHERINE PIPER

v.

ROBERT FICKETT, d.b.a. FICKETT'S JEWELERS

November 30, 1973

*Upton, Sanders & Upton* and *Ernest T. Smith III (Mr. Smith* orally) for the plaintiff.

*Perkins & Dowst* and *Arthur W. Perkins (Mr. Perkins* orally) for the defendant.

GRIMES, J. The only issue in this case is whether testimony about statements made by a deceased person as to the amount of insurance placed on a ring should have been excluded as hearsay.

The issue arose out of an action to recover the value of a ring which had been taken in 1968 to the defendant to be resized. Defendant sent the ring to a firm in Worcester, Massachusetts to have the work done. After it was returned to the defendant, it disappeared. The case was tried without a jury, resulting in a verdict for the plaintiff in the amount of $1150.00. The defendant's exception to the admission of evidence was transferred by *Cann*, J.

There was evidence that the ring, alleged to be an emerald in a platinum setting with two baguette diamonds, had been the engagement ring of Charlotte O'Brien prior to her marriage in July 1942 to Barry O'Brien. Charlotte was the aunt of Barbara Piper Richards and it is claimed had a close relationship with her. Barry and Charlotte died in 1965 and 1969 respectively. Prior to Charlotte's death, she gave the

ring to her sister, the plaintiff. Barbara is plaintiff's daughter.

Barbara was permitted to testify that on Charlotte's wedding eve Charlotte told her that she had preferred an emerald instead of a diamond and that Barry had insured it for $1,000.00. The plaintiff also was permitted to testify that her sister told her the ring was insured for $1,000.00.

The sole ground urged for the exclusion of the statements was that they were hearsay. It was argued at trial that the statements were admissible under RSA 516:25 but it is now agreed this statute by its terms applies only to actions by or against the representatives of deceased persons. However, the trial court in admitting the evidence impliedly found that Charlotte made the statements, that they were made in good faith and on her personal knowledge. This constituted a finding of apparent trustworthiness of the evidence offered. *Sullivan v. Dumaine,* 106 N.H. 102, 106, 205 A.2d 848, 851 (1964). This finding, coupled with the requirement of necessity due to the death of the declarant, rendered the evidence offered admissible as an exception to the hearsay rule and it was properly admitted by the trial court. *Hutchins v. Berry,* 75 N.H. 416, 75 A. 650 (1910); *Roberts v. Company,* 78 N.H. 491, 102 A. 537 (1917); *LeBrun v. Railroad,* 83 N.H. 293, 298, 142 A. 128 (1928); *Gagnon v. Pronovost,* 97 N.H. 500, 92 A.2d 904 (1952); *Perry v. Parker,* 101 N.H. 295, 141 A.2d 883 (1958); *O'Haire v. Breton,* 102 N.H. 448, 159 A.2d 805 (1960).

*Exception overruled.*

Kenison, C.J., dissented; the others concurred.

Kenison, C.J., dissenting: I think that the statements as to the amount the ring was insured for were inadmissible as hearsay, remote in time and also unreliable. *Davenport v. Company,* 92 N.H. 20, 25-26, 24 A.2d 274, 279 (1942); 1 E. Conrad, Modern Trial Evidence § 90 (1956).