Hillsborough
No. 78-129

WILLIAM WILSON

v.

STANLEY SHEA

October 30, 1978

*James A. Connor*, of Manchester, by brief and orally, for the plaintiff.

*A. J. McDonough P.A.*, of Manchester (*John P. Shea* orally), for the defendant.

GRIMES, J.   This is an action on the case for damages suffered when plaintiff's truck left the roadway after striking the rear-end of another vehicle that had slowed to avoid startling a free-running pony owned by defendant. The issue to be decided is whether the trial court erred in returning a verdict for the defendant. We find no error and affirm.

The defendant owns a house and barn some 150 feet from Route 101 in the town of Milford. On the evening of November 9, 1975, defendant's pony, which had been tethered in its stall, escaped from its confinement and wandered to the edge of the eastbound lane of Route 101. Defendant was away at work, however, and was thus unaware of the pony's escape. An automobile driven by Leon Hale approached the scene sometime after dark. Mr. Hale, driving in the eastbound lane, spotted the pony at the side of the highway and began to slow his vehicle. The plaintiff was driving his truck immediately behind the Hale vehicle. As he moved into the westbound lane to

pass Hale, plaintiff caught sight of the pony. There is conflicting testimony as to whether the pony strayed into the road and whether the Hale vehicle swerved into the westbound lane. Nevertheless, it is undisputed that the plaintiff's truck struck the rear of the Hale car, and then went off the opposite side of the highway.

Plaintiff alleges that the defendant negligently secured the pony, and that this negligence caused the damage to plaintiff's truck. A nonjury trial before the superior court resulted in a verdict for defendant. Plaintiff's motion to set aside the verdict was denied and plaintiff excepted. All exceptions were reserved and transferred by *Goode*, J.

The trial court found that no act or failure to act on the part of defendant was causal of the accident, and refused to find that the pony was negligently secured or that defendant did not have a suitable enclosure or other restraint to contain it. *See* RSA 467:1-a (Supp. 1977) *in re* Stallions. The court also found that plaintiff was following the Hale vehicle too closely, was traveling at excessive speed, and had failed to keep a proper lookout, all of which were causal of the accident. These findings could reasonably be made on the evidence and therefore must be upheld. *Archambault v. Adams*, 118 N.H. 634, 392 A.2d 139 (1978). Given these findings, the verdict for the defendant was proper.

At the time of trial, Leon Hale had died of causes unrelated to the accident. The court admitted in evidence a statement made by Hale to his insurance adjustor that contained statements regarding his own conduct and that of the pony. At the time the statement was made Hale and his daughter, who had been a passenger in his vehicle, were both possible plaintiffs, and he a potential defendant in foreseeable legal proceedings. The admission of the statement was questionable under the circumstances. *See Nute v. Blaisdell*, 117 N.H. 228, 374 A.2d 923 (1977); *Sullivan v. Dumaine*, 106 N.H. 102, 106, 205 A.2d 848, 851 (1964). We need not decide the question, however, because the statement related only to the plaintiff's negligence; it had no bearing on the issue of defendant's negligence. Since the court found defendant not to be negligent, a verdict for the defendant follows regardless of fault on the part of plaintiff. The admission of the statement was therefore harmless.

*Exceptions overruled.*

All concurred.