Strafford
No. 93-591

APRIL SLOANE CHINBURG

v.

DALE AND ELLEN CHINBURG

June 14, 1995

*Cooper, Hall, Whittum & Shillaber, P.C.,* of Rochester (*Daniel J. Harkinson* on the brief and orally), for the plaintiff.

*Ouellette, Hallisey, Dibble and Tanguay, P.A.,* of Dover (*Dennis L. Hallisey* and *Thomas G. Ferrini* on the brief, and *Mr. Hallisey* orally), for the defendants.

HORTON, J. The defendants, Dale and Ellen Chinburg, appeal a decision of the Superior Court (*Dickson,* J.) ordering reinterment of

their son, the plaintiff's husband, from Durham to Arlington National Cemetery. The plaintiff, April Sloane Chinburg, cross-appeals the denial of a constructive trust in her favor over the proceeds of her late husband's life insurance policy. We affirm.

The plaintiff and Michael Chinburg married in September 1990. In January 1991, Michael Chinburg died while serving as a fighter pilot with the United States Air Force in Saudi Arabia. Shortly before departing for the Persian Gulf, he provided the plaintiff with a general power of attorney and named her executor and sole beneficiary of his will. Upon Michael Chinburg's death, the plaintiff received the proceeds of his $100,000 military life insurance policy, an $830 per month widow's benefit, a $400 per month educational allowance which she is now using to attend law school, free health care, and other military benefits. At issue are the proceeds of the decedent's private life insurance policy. Defendant Dale Chinburg sold his son a $100,000 life insurance policy six years before his son and the plaintiff married. This policy named the defendants as beneficiaries. According to the plaintiff, her husband intended and believed he had taken the necessary steps to designate her as the beneficiary. On two occasions prior to his departure for Saudi Arabia, Michael Chinburg asked his father to send the insurance policy to him or the plaintiff. The policy, however, was never sent and remained in the defendant's custody. After Michael Chinburg's death, the insurance proceeds were paid to the defendants, who had remained the named beneficiaries. In February 1991, the plaintiff filed a bill in equity seeking to impose a constructive trust upon the proceeds.

The plaintiff also testified that she and her husband had discussed burial and funeral arrangements, in case he did not return from the Persian Gulf. They agreed that his remains would be cremated and the ashes buried at Arlington National Cemetery, and that the plaintiff would be buried with him at the appropriate time. During the week following her husband's death, however, the plaintiff acceded to the defendants' wishes that her husband be buried in the defendants' family cemetery plot in Durham. The defendants assured the plaintiff of a final resting place next to her husband in the family cemetery plot. Relations between the defendants and the plaintiff, which had never been friendly, were not improved by the death of Michael Chinburg and the ensuing litigation. The deteriorating relationship with her in-laws also made the plaintiff feel uncomfortable about visiting her husband's grave, and she became concerned that the defendants might not permit her to be buried with her husband in the defendants' family plot in Durham. In November 1991, she instituted a second bill in equity for the reinterment of her husband in Arlington National Cemetery.

The trial court ordered reinterment of Michael Chinburg's remains in Arlington National Cemetery, and granted the defendants' motion for a directed verdict on the plaintiff's request for a constructive trust over the proceeds of the decedent's private life insurance policy. On appeal, the defendants argue that the trial court erred in finding that reinterment was a necessary remedy, given the evidence presented at trial. The plaintiff cross-appeals, arguing that the trial court erred in ruling inadmissible hearsay testimony relating to Michael Chinburg's efforts to designate her the beneficiary of his life insurance policy.

We begin with the plaintiff's cross-appeal. The plaintiff argues that the trial court erred in excluding, as inadmissible hearsay, testimony which she alleges would have established a *prima facie* case for the imposition of a constructive trust. At the conclusion of the plaintiff's case, the trial judge granted the defendants' motion for a directed verdict, finding insufficient evidence to impose a constructive trust under the preponderance of the evidence standard enunciated in *Renovest Co. v. Hodges Development Corp.,* 135 N.H. 72, 78, 600 A.2d 448, 452 (1991).

The plaintiff sought to admit, under New Hampshire Rule of Evidence 804(b)(5) or (6), testimony as to statements allegedly made by the decedent regarding his efforts to designate the plaintiff as beneficiary of his insurance policy. A decision on the admissibility of hearsay evidence is within the sound discretion of the trial court and will not be disturbed unless clearly erroneous. *State v. Winders,* 127 N.H. 471, 477, 503 A.2d 798, 802 (1985).

Rule 804(b)(6) provides a catch-all exception to the hearsay rule, allowing into evidence:

> A statement not specifically covered by any of the foregoing exceptions by having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

N.H. R. Ev. 804(b)(6). The plaintiff alleges that the trustworthiness standard is met because the statements were made over a twenty-two month period in the context of discussions regarding the plaintiff's financial security, and because the content of the statements was consistent with the decedent's requests for his father to send the policy. At trial, however, the court denied admission of the testimony, stating: "With regard to [Rule 804(b)](6), I don't find that the testimony of this witness would have the equivalent of circumstantial

guarantees of trustworthiness otherwise required. Therefore, I think it is really questionable as to whether you have met the requirements of Subsection (C) of that rule."

▬▬ The time span, context, and consistency of the statements were before the trial court in the plaintiff's offer of proof. After reviewing the record, we cannot say that the trial court's failure to find circumstantial guarantees of trustworthiness in the time span, context, and consistency of the alleged statements constituted an abuse of discretion. We cannot overturn the findings of the trial court simply because we might draw different inferences from the record. *See Zimmerman v. Suissevale, Inc.*, 121 N.H. 1051, 1054, 438 A.2d 290, 292 (1981). We therefore uphold the trial court's determination that the evidence offered by the plaintiff lacked the circumstantial guarantees of trustworthiness necessary for the application of this exception to the hearsay rule.

The court also refused to admit the proffered testimony under Rule 804(b)(5) because it specifically found that "this is not an action, suit or proceeding by representatives of the deceased person," as required by that rule. Rule 804(b)(5) allows into evidence the statement of a deceased person as follows:

> *In actions, suits or proceedings by or against the representatives of deceased persons,* including proceedings for the probate of wills, any statement of the deceased, whether oral or written, shall not be excluded as hearsay provided the Trial Judge shall first find as a fact that the statement was made by decedent, and that it was made in good faith and on decedent's personal knowledge.

N.H. R. Ev. 804(b)(5) (emphasis added).

▬▬ It is undisputed that the plaintiff, although executrix of her husband's estate, brought this action in her personal capacity. The plaintiff, however, argues that Rule 804(b)(5) applies generally to actions involving a decedent's interests, and that the decedent's interests are at issue here. We decline to read Rule 804(b)(5) so broadly. We find that Rule 804(b)(5) is inapplicable here because this suit does not involve the decedent's estate, and is not an action, suit or proceeding "by or against the representatives of deceased persons." N.H. R. Ev. 804(b)(5). Rule 804(b)(5) was based on RSA 516:25 (1974), a statute with identical provisions. *See* N.H. R. Ev. 804 reporter's notes. In *Sullivan v. Dumaine,* 106 N.H. 102, 107, 205 A.2d 848, 851 (1964), we explained that

> [t]he Legislature in enacting RSA 516:25 determined that it was in the public interest to give the Trial Court some flexibility in admitting hearsay statements that appeared to

be trustworthy and excluding those that were not trustworthy. The truth is often difficult to resurrect and Solomonic certitude is not always discovered but the statute gives the Trial Court, who sees and hears the witnesses, guidelines as effective as yet devised.

The purpose of the statute is "to prevent injustice to the estates of deceased persons by permitting an executor in certain circumstances to give the deceased's version of a disputed transaction. The admissibility of the evidence is based upon guarantees of truthfulness in the form of preliminary findings by the Court." *Yeaton v. Skillings,* 100 N.H. 316, 319, 125 A.2d 923, 925 (1956); *see also Piper v. Fickett,* 113 N.H. 631, 632, 312 A.2d 698, 699 (1973). We find that no injustice threatens the estate of the deceased person here. We also note that the trial court specifically found, when denying admission under Rule 804(b)(6), that the proffered testimony would lack guarantees of trustworthiness. We therefore cannot say that the trial court abused its discretion by refusing to admit the testimony at issue, and we hold that the trial court properly granted the defendants' motion for a directed verdict. *See Renovest,* 135 N.H. at 78, 600 A.2d at 452.

The defendants appeal the trial court's finding that reinterment was a necessary remedy, arguing that the court erred given the evidence presented at trial. We disagree. Regarding interment we have said:

> The court in the trial of such an action, having found the facts, should be guided in making his decree by what is fit and proper to be done taking into consideration all the special circumstances surrounding that particular case, due regard being given to the wishes of the decedent, the rights of relatives and friends and the welfare of the public. In a case where the interment was made with the willing consent of all interested parties, and with the understanding that the place of burial should be the final sepulchre, a disinterment and removal of the remains should not be decreed except upon the presentation of strong and convincing evidence showing that it would be unreasonable to refuse to make such a decree. In order to warrant such action new and unforeseen events must have occurred since the burial, which render the exhumation and removal of the remains reasonably necessary.

*Lavigne v. Wilkinson,* 80 N.H. 221, 224, 116 A. 32, 33 (1921).

We find that the record supports the trial court's decision to order reinterment. The trial court found "that Michael Chinburg wished to be cremated and buried in the National Cemetery at

Arlington, Virginia, so that his wife could be buried with him at a later date." It found that "although [the plaintiff] allowed her husband to be buried in New Hampshire, her consent was not willing," and was given "with the understanding that on her death she would be allowed to be buried with her husband." It found that "new and unforeseen events have occurred since the burial which make disinterment and removal necessary," including the likelihood that the plaintiff would not be allowed to be buried with her husband, and, if allowed, she would not want or agree to be buried next to or near Mr. and Mrs. Chinburg. We affirm the order for reinterment in Arlington National Cemetery. *See Lavigne,* 80 N.H. at 224, 116 A. at 33.

*Affirmed.*

All concurred.