Joanne Borosky and Peter Borosky, her husband et al., Plaintiffs *v.* Commonwealth of Pennsylvania, Defendant.

Argued March 21, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Daniel M. Berger,* with him *Berger, Kapetan, Malakoff & Meyers,* for plaintiffs.

*Walter F. Froh,* Assistant Attorney General, with him *John L. Sweezy,* Chief Attorney of Unit, *Theodore A. Adler,* Chief Counsel of Department, and *Edward G. Biester, Jr.,* Attorney General for defendant.

OPINION BY JUDGE CRAIG,. September 28, 1979:

This action involves a complaint in trespass against the Commonwealth of Pennsylvania as sole defendant, brought by plaintiffs Joanne Borosky, Peter Borosky her husband and Gary Borosky their minor son. The complaint essentially avers liability of the Commonwealth to plaintiffs by reason of alleged tortious actions of three state police officers who, pursuant to an information filed by a third party against Peter Borosky for simple assault, appeared at plaintiffs' motel and there abused plaintiffs and falsely arrested them upon charges of resisting arrest, charges not ultimately sustained. The liability of the Commonwealth for the conduct of the state police officers is based upon claims of tort and of violation of the First, Sixth and Fourteenth Amendments of the United States Constitution, Sections 7, 8, 9 and 14 of Article I of the Pennsylvania Constitution, 42 U.S.C. §§1983, 1985(2), 1985(3) and 18 Pa. C.S. §5301.

We are presented with the question of whether or not the Commonwealth is immune from suit upon the causes of action averred.

According to the complaint, the cause of action first arose June 23, 1977. Thereafter *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978) judicially abrogated the doctrine of sovereign immunity in Pennsylvania, but the Act of September 28, 1978, P.L. 788, Act No. 152-1978 (Act 152) amended the Judicial Code to reinstate the defense of sovereign immunity, with the exception of eight instances of claims. 42 Pa. C.S. §5110(a).

We have decided that the retroactive restoration of sovereign immunity by Section 5(b)(1) of Act 152 is constitutional. *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).

Accordingly, the restored doctrine of sovereign immunity bars this action against the Commonwealth unless the state of facts pleaded by the complaint falls within one of the eight exceptions of 42 Pa. C.S. §5110(a).

Because those exceptions pertain only to liability arising from the Commonwealth's vehicles, medical-professional activities, personal property, real estate, potholes and other dangerous highway conditions, animals, liquor store sales and national guard activities, it is clear that the state police actions at the center of this case do not fall within any of the exceptions.

Therefore, we must dismiss the action as barred by sovereign immunity.

JUDGE CRUMLISH, JR. dissents.

---

ORDER

AND NOW, this 28th day of September, 1979, the preliminary objections on behalf of defendant Commonwealth of Pennsylvania in the nature of a demurrer are sustained, and the complaint herein is dismissed.

---

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent for the reasons set forth in my concurring and dissenting opinion in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979).