### Maurice CLARK

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, City of Philadelphia Law Department, City of Philadelphia Police Department, Keith Glover, Officer and N. Fredericks, Officer, Southeastern Pennsylvania Transportation Authority, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1997.

Decided Feb. 25, 1997.

Reargument Denied April 24, 1997.

---

Joan A. Zubras, Philadelphia, for appellant.

Harris R. Rosen, Philadelphia, for appellee.

Before PELLEGRINI and FLAHERTY, JJ., and JIULIANTE, Senior Judge.

PELLEGRINI, Judge.

Southeastern Pennsylvania Transportation Authority (SEPTA) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) denying SEPTA's post-trial motions and entering judgment in favor of the plaintiff, Maurice Clark, for $131,-204.17.

On October 31, 1988, while riding on a SEPTA trolley, Clark was arrested by two SEPTA police officers. As the police officers attempted to move him from the trolley to the platform and to subdue him, a struggle ensued and Clark was hit and kicked by the officers. Clark suffered a "fractured testicle" which required surgery. Clark filed a personal injury action against both SEPTA and the City of Philadelphia, alleging damages for assault and battery, negligence and excessive force.

The City filed a motion for summary judgment raising the defense of governmental immunity. The trial court granted the City's motion and Clark appealed to this court relying on an ordinance which purported to waive the City's immunity. Clark argued that his civil rights were violated, but that he did not file a civil rights action because he relied on the existence of the ordinance waiving the City's immunity. We affirmed the grant of summary judgment to the City in a memorandum opinion[1] wholly relying on *Davis v. City of Philadelphia*, 168 Pa.

---

1. *Clark v. Southeastern Pennsylvania Transportation Authority*, 168 Pa.Cmwlth. 696, 650 A.2d 123 (1994), *petition for allowance of appeal denied*, 540 Pa. 623, 657 A.2d 493 (1995). In Clark's petition for allowance of appeal to the Supreme Court, he stated that he "had a valid Federal Civil Rights Action which he could have pursued and did not because this would have been redundant." (Reproduced Record 420).

Cmwlth. 334, 650 A.2d 1127 (1994), which held that the waiver provision was invalid and inapplicable, and that the plaintiff was not permitted to amend his complaint after the statute of limitations had run to add a federal civil rights claim under 42 U.S.C. § 1983 [2] (Section 1983).

After the City's dismissal, SEPTA filed a motion for summary judgement based on sovereign immunity. The motion for summary judgment was denied and Clark's claim against SEPTA went to trial. At the end of Clark's case, he requested leave to amend his complaint to include in his claim for excessive force a statement that the police officers violated Section 1983.[3] Clark's counsel stated as follows:

> Specifically I would. like to amend count three of the complaint, excessive force it's entitled, and I suppose it would be paragraph number 21, ... I'd like to add ["]and violated 42 U.S.C.A., Section 1983["] even though I believe that Pennsylvania, as I said, is a fact pleading state and it's not necessary to quote the statute, I thought I'll amend the complaint to include the statute.

The trial court granted Clark's motion to amend his complaint over SEPTA's objection.

The jury returned a general verdict in favor of Clark against SEPTA for $100,000.[4] On Clark's petition, the trial court modified the verdict by adding delay damages in the amount of $31,204.17. SEPTA filed post-

trial motions arguing that it was entitled to judgment notwithstanding the verdict because Clark's original complaint did not state a cause of action on which relief could be granted. The trial court denied SEPTA's post-trial motions and this appeal followed.

■ SEPTA first contends that the complaint did not state on its face a violation of civil rights under Section 1983, and that in light of this court's decision in *Davis*, the amendment to the complaint after the statute of limitations had run was improper.[5] Clark counters that the count for excessive force in his complaint stated a civil rights claim. Clark's complaint set forth a claim for excessive force as follows:

> 21. The defendants, through their duly authorized agents, servants, workmen and/or employees, acting within the course and scope of their employment, used excessive force in arresting the plaintiff in that the force used on the plaintiff went beyond the force needed to make the arrest.
>
> 22. The force used upon the plaintiff by defendants was so excessive that the plaintiff was savagely kicked in the testicles which resulted in the injuries hereinafter set out.

(R.R. 333).

■ Although a plaintiff is not required to set forth the statute by stating a "Section 1983" cause of action in his complaint, to maintain such an action, a plaintiff is required to allege first that a person or persons deprived him of some cognizable federal right, privilege or immunity, and second, that

---

**2.** 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

**3.** Clark's counsel made the following motion to amend the complaint:

which states currently: The defendants through their duly authorized agents, servants, workmen and/or employees acting within the course and scope of their employment used excessive force in arresting the plaintiff in that the force used on the plaintiff went beyond the force needed to make the arrest.

And

[Objection by counsel for SEPTA, citing *Davis*.] (R.R. 197–199).

**4.** The jury also reached a verdict in favor of the individual police officers. Clark has not cross-appealed on that issue. Nor has SEPTA appealed the issue of how it could be held liable under any theory—respondeat superior or a failure to train—when the police officers were found not liable for using excessive force.

**5.** Clark initially argues that this court does not have jurisdiction because SEPTA appealed the trial court's order denying post-trial motions. However, under the Pennsylvania Rules of Appellate Procedure 905(a), this court properly has jurisdiction because the notice of appeal is treated as if filed after the entry of an appealable order.

the person or persons deprived him of that right while acting under the color of state law. *Heinly v. Commonwealth,* 153 Pa. Cmwlth. 599, 621 A.2d 1212 (1993). *See also Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). As stated in *Balent v. City of Wilkes–Barre,* 542 Pa. 555, 564–66, 669 A.2d 309, 314 (1995):

> [A] Section 1983 action does not create any substantive rights, but merely serves as a "vehicle or ... 'device' by which a citizen is able to challenge conduct by a state official whom he claims has deprived him or will deprive him of his civil rights." Harry Blackmun, Section 1983 and Federal Protection of Civil Rights—Will the Statute Remain Alive or Fade Away?, 60 N.Y.U.L.Rev. 1,1 (1985).

■ In *Heinly,* the plaintiff alleged "a deprivation of his constitutional rights to due process, to be free from excessive use of force and to be free from arrest without probable cause ... that the deprivation was the result of the intentional conduct on the part of the Unnamed Police Officers, ... and that this conduct occurred by persons acting within the scope of their state employment." *Heinly,* 621 A.2d at 1217. This court held that although the complaint "is not a model pleading and barely meets the minimal pleading requirements, its allegations are sufficient to make out a Section 1983 cause of action." *Id.*[6] While in *Heinly,* we could make out by the use of the phrase "due process", a claim under the Fourteenth Amendment, a better way to explain and clarify our holding in that case is that for plaintiffs to state a Section 1983 claim, they must specifically identify the particular constitutional or federal right allegedly violated.

Clark's complaint fails to meet the specificity required because it nowhere states that he was deprived of some particular cognizable federal right.[7] Moreover, the amendment permitted by the trial court to Clark's complaint merely inserted the words "violated Section 1983" and did not identify any cognizable federal right allegedly violated. In addition, Clark's assertions in appealing the dismissal of the City of Philadelphia as a party are admissions that he did not intend his complaint against both the City and SEPTA to state a federal civil rights claim. Even with the amendment, regardless of whether or not the amendment should have been permitted under *Davis,* Clark's complaint was insufficient to make out a Section 1983 cause of action.

■ SEPTA contends that since no Section 1983 claim was pled, it is entitled to judgment n.o.v. because Clark failed to state a cause of action within the exceptions to sovereign immunity.[8] SEPTA, as a Commonwealth party,[9] enjoys sovereign immunity except for those actions where immunity is specifically waived. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8521. Section 8522(a) defines when liability is imposed on Commonwealth parties:

> The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only ... sovereign immunity as a bar to an action against Commonwealth parties, *for damages arising out of a negligent act* where the damages would be recoverable under

---

6. In Pennsylvania, as a fact-pleading state, a complaint must apprise the defendant of the nature and extent of the plaintiff's claim so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare to meet such proof with his own evidence. *Id.* at 1216–17.

7. The trial court stated that SEPTA was apprised of a claim for failing to provide medical treatment for Clark's injuries. We disagree. The complaint does not give any notice of such a claim. Medical treatment is never mentioned in the complaint; there are no factual allegations as to Clark's need for medical treatment, or even that it was denied him while in custody. A general averment that the police officers were inattentive is insufficient.

8. Judgment n.o.v. is proper where movant is entitled to judgment as a matter of law. *Phillips v. A–Best Products Co.,* 542 Pa. 124, 665 A.2d 1167 (1995). Entry of judgment n.o.v. on basis that movant is entitled to judgment as a matter of law is proper where the court reviews factual record and concludes that even with all factual inferences decided adverse to movant, the law nonetheless requires a verdict in his favor. *Id.*

9. *See Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986).

common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa.C.S. § 8522(a) (emphasis added).

■ Counts 1 and 3 of Clark's complaint for assault and battery and excessive force allege intentional actions: "the defendants willfully and maliciously intended to cause harmful and offensive contact with the plaintiff." (Clark's complaint ¶¶ 11 and 27, R.R. 331–34). Because liability against SEPTA is only for damages arising from negligent actions, 42 Pa.C.S. § 8522(a), those counts do not state a cognizable cause of action. *Martz v. Southeastern Pennsylvania Transportation Authority*, 143 Pa.Cmwlth. 25, 598 A.2d 580 (1991).

· ■ The second count of Clark's complaint alleges neglience on the part of SEPTA for failure to adequately supervise and control their employees, failure to adequately train and instruct their employees, failing to know of dangerous propensities of their employees and to prevent their tortious conduct. (Clark's complaint ¶ 16, R.R. 332). Clark does not argue that these negligence allegations fall within any of the exceptions to sovereign immunity. After reviewing these allegations in light of the exceptions stated in 42 Pa.C.S. § 8522(b),[10] we hold that Clark did not state a cause of action in negligence which falls within any of the exceptions to sovereign immunity. *See Borosky v. Commonwealth*, 46 Pa.Cmwlth. 252, 406 A.2d 256 (1979) (allegations of police abuse do not fall within any of the exceptions to sovereign immunity). The only imaginably applicable exception is the real estate exception, based on Clark's allegation that the assault took place on a SEPTA trolley platform; however, to state a claim under that exception, the plaintiff must allege that an artificial condition or defect of the real estate itself caused the injury. *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995). In this case, any condition of the SEPTA platform would have merely facilitated an injury which was

caused by the acts of others. *Warnecki v. Southeastern Pennsylvania Transportation Authority*, —— Pa.Cmwlth. ——, 689 A.2d 1023 (Pa.Cmwlth.1997). Certainly, allegations of failure to supervise or train others are not allegations of a condition of the land itself. *Farber v. Pennsbury School District*, 131 Pa.Cmwlth. 642, 571 A.2d 546 (1990).[11]

Because Clark failed to plead a Section 1983 claim and because the complaint failed to state a cause of action against SEPTA within the exceptions to sovereign immunity, judgment n.o.v. should have been granted to SEPTA. Accordingly, we reverse the order of the trial court.[12]

## ORDER

AND NOW, this 25th day of February, 1997, the order of the Court of Common Pleas of Philadelphia County, dated March 15, 1996, No. 5789 April Term 1990, is reversed.

---

**10.** The exceptions to immunity are: (1) motor vehicle liability, (2) medical-professional liability, (3) care, custody or control of personal property, (4) Commonwealth real estate, highways and sidewalks, (5) potholes and other dangerous conditions of the highway, (6) care, custody and control of animals, (7) liquor store sales, (8) National Guard activities, and (9) toxoids and vaccines. 42 Pa.C.S. § 8522(b).

**11.** Clark's complaint also states a claim for punitive damages; however, punitive damages are not permitted under sovereign immunity. *Feingold.*

**12.** We need not address SEPTA's contention that the trial court improperly awarded delay damages.