# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William Penn School District; | : | |
| Panther Valley School District; | : | |
| The School District of Lancaster; | : | |
| Greater Johnstown School District; | : | |
| Wilkes-Barre Area School District; | : | |
| Shenandoah Valley School District; | : | |
| Jamella and Bryant Miller, parents of | : | |
| K.M., a minor; Sheila Armstrong, | : | |
| Parent of S.A., minor; Tyesha | : | |
| Strickland, parent of E.T., minor; | : | |
| Angel Martinez, parent of A.M., | : | |
| minor; Barbara Nemeth, parent of | : | |
| C.M., minor; Tracey Hughes, parent | : | |
| of P.M.H., minor; Pennsylvania | : | |
| Association of Rural and Small Schools; | : | |
| and The National Association for the | : | |
| Advancement of Colored | : | |
| People–Pennsylvania State Conference, | : | |
| Petitioners | : | |
| | : | |
| v. | : | No. 587 M.D. 2014 |
| | : | Argued: March 7, 2018 |
| Pennsylvania Department of Education; | : | |
| Joseph B. Scarnati III, in his official | : | |
| capacity as President Pro-Tempore of | : | |
| the Pennsylvania Senate; Michael C. | : | |
| Turzai, in his official capacity as the | : | |
| Speaker of the Pennsylvania House of | : | |
| Representatives; Tom W. Wolf, | : | |
| in his official capacity as the Governor | : | |
| of the Commonwealth of Pennsylvania; | : | |
| Pennsylvania State Board of Education; | : | |
| and Pedro Rivera, in his official | : | |
| capacity as the Acting Secretary of | : | |
| Education, | : | |
| Respondents | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN H. CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: May 7, 2018**

Before this Court, on remand from our Supreme Court, are preliminary objections to a petition for review filed in this Court's original jurisdiction. As explained below, we overrule the preliminary objections.[1]

Also before us is an application for dismissal filed by Respondent Joseph B. Scarnati III, President Pro-Tempore of the Pennsylvania Senate, contending the claims in the petition for review are moot. As explained in more detail below, we defer ruling on the application for dismissal, pending further development of the pleadings or the record.

---

[1] However, as discussed below, we acknowledge that the immunity objection asserted by the Pennsylvania Department of Education, Pennsylvania Governor Tom Wolf, Pennsylvania Secretary of Education Pedro A. Rivera, and the Pennsylvania State Board of Education (collectively, Executive Branch Respondents) has been preserved for advancement as an affirmative defense by those Respondents.

Also, as explained below, we anticipate that issues regarding the nature of the constitutional rights involved and the corresponding level of judicial scrutiny to be applied will be further developed and submitted to the Court for decision on an application for partial summary relief.

# I. Background

The previous opinions in this case[2] set forth the facts in greater detail. We recount here only those necessary to this opinion.

This action is a petition for review in our original jurisdiction, filed by several Pennsylvania public school districts, the parents of several Pennsylvania public school students, the Pennsylvania Association of Rural and Small Schools, and the National Association for the Advancement of Colored People–Pennsylvania State Conference (collectively, Petitioners).

Respondents are Pennsylvania Governor Tom Wolf, the Pennsylvania Department of Education, Pennsylvania Secretary of Education Pedro A. Rivera, and the Pennsylvania State Board of Education (collectively, Executive Branch Respondents), as well as President Pro-Tempore of the Pennsylvania Senate, Joseph B. Scarnati III, and Speaker of the Pennsylvania House of Representatives, Michael C. Turzai (collectively, Legislative Branch Respondents).

Petitioners filed their petition for review in 2014, challenging the constitutionality of the educational funding legislation then in place, popularly known as Act 61.[3] Specifically, Petitioners contended Act 61 failed to fulfill the General Assembly's mandate to "provide for the maintenance and support of a thorough and efficient system of public education" as set forth in Article III, §14 of

---

[2] See William Penn Sch. Dist. v. Pa. Dep't of Educ., 114 A.3d 456 (Pa. Cmwlth. 2015) (William Penn I), rev'd and remanded, 170 A.3d 414 (Pa. 2017) (William Penn II).

[3] Act of July 9, 2008, P.L. 846, No. 61, amending Act of Mar. 10, 1949, P.L. 30, No. 14, 24 P.S. §§1-101–25-2599.2.

the Pennsylvania Constitution (Education Clause).  Petitioners further contended Act 61 resulted in gross disparities in education funding and resources among public school districts in Pennsylvania, and thus violated Article III, §32 of the Pennsylvania Constitution (Equal Protection Clause).

Both Executive Branch Respondents and Legislative Branch Respondents filed various preliminary objections.  This Court, in a unanimous <u>en banc</u> opinion, sustained a demurrer on the basis that the petition for review presented political questions that were non-justiciable.  <u>William Penn Sch. Dist. v. Pa. Dep't of Educ.</u>, 114 A.3d 456 (Pa. Cmwlth. 2015) (<u>William Penn I</u>), <u>rev'd</u> and <u>remanded</u>, 170 A.3d 414 (Pa. 2017) (<u>William Penn II</u>).  Based on that conclusion, this Court did not reach Respondents' other preliminary objections.  <u>Id.</u>

On appeal, the Pennsylvania Supreme Court reversed.  The Supreme Court found the case to be justiciable, and remanded to this Court for consideration of the remaining preliminary objections.  <u>William Penn II</u>.

## II. Issues

On remand, we address Respondents' preliminary objections not reached in <u>William Penn I</u>.

Executive Branch Respondents filed preliminary objections in the nature of a demurrer, contending Petitioners fail to state a claim for which relief may be granted because the statutory scheme establishing and providing for the system of public education is rationally related to legitimate governmental objectives.

3

Executive Branch Respondents also argue Petitioners' claims are barred by sovereign immunity to the extent that the petition for review seeking to impose a mandatory injunction. Further, Executive Branch Respondents assert that Petitioners' claims are barred by the separation of powers doctrine to the extent that the petition for review seeks to compel action by the General Assembly and subject it to ongoing supervision by this Court.

Legislative Branch Respondents filed preliminary objections in the nature of a demurrer, contending Petitioners fail to state a claim upon which relief may be granted under the Education Clause, because the funding system in Act 61 serves the rational basis of preserving local control over public education. Similarly, Legislative Branch Respondents also argued Petitioners fail to state a claim upon which relief may be granted under the Equal Protection Clause, because education is not a fundamental right subject to strict scrutiny, and because Act 61's funding system serves the rational basis of preserving local control over public education.

Following our Supreme Court's remand, this Court accepted supplemental briefs from the parties concerning the preliminary objections.

Executive Branch Respondents, except the Board of Education (Remaining Executive Branch Respondents), withdrew all of their preliminary objections, concluding the objections were largely foreclosed by our Supreme Court's opinion in William Penn II. However, Remaining Executive Branch Respondents reserved the right to reassert their immunity defense in their answer to the petition for review.

4

The Board of Education filed a separate supplemental brief. The Board of Education reasserted and incorporated by reference the argument in Executive Branch Respondents' original brief that Petitioners' claims are barred by the doctrine of separation of powers. With regard to immunity, the Board of Education's supplemental brief incorporated by reference Executive Branch Respondents' immunity argument from their original brief.[4]

Senator Scarnati and Speaker Turzai also filed separate supplemental briefs. Senator Scarnati argued Petitioners failed to satisfy the fact-pleading requirements of the Pennsylvania Rules of Civil Procedure. Notably, he challenged the adequacy of Petitioners' pleading of causation, which was not among Legislative Branch Respondents' original preliminary objections. He also filed an application to dismiss the petition for review, contending Petitioners' claims became moot upon the General Assembly's repeal and replacement of Act 61 with a new statutory funding scheme, popularly known as Act 35,[5] while this action was pending. He addressed that application in his supplemental brief as well.

Speaker Turzai focused on the nature of the right to public education, and the related issue of the appropriate level of scrutiny to be applied in constitutional challenges asserting that right under the Education and Equal Protection Clauses of the Pennsylvania Constitution.

---

[4] The Board of Education did not expressly incorporate any other portion of Executive Branch Respondents' original brief. However, this Court's order authorizing additional briefs specifically provided that in such briefs, the parties might "supplement the arguments made in their prior briefs regarding the preliminary objections that they previously filed." Cmwlth. Ct. Order, 1/4/18. Thus, express preservation of arguments from the original briefs was not necessary.

[5] Act of June 1, 2016, P.L. 252, No. 35, §1, 24 P.S. §25-2502.53.

Petitioners filed a single supplemental brief in opposition to all of the preliminary objections, and to Senator Scarnati's application for dismissal.

### III. Discussion

### A. Mootness

In 2016, Act 35 changed the statutory scheme for funding Pennsylvania's public education system. Senator Scarnati contends that the changes are significant and that Petitioners' constitutional challenges to Act 61 are moot in light of this intervening change in the law.

In opposition, Petitioners contest the significance of the funding changes wrought by Act 35. In addition to the factual contest, Petitioners largely rely on our Supreme Court's discussion of mootness in William Penn II. That discussion, while not essential to its decision in William Penn II, offers some indication of our Supreme Court's views on this issue. Observing that the nature of the state's education funding formula can change any time the legislature chooses, our Supreme Court stated: "Changes in the formula do not render the questions presented moot …." Id. at 435. Further, the Supreme Court noted that even if the passage of Act 35 mooted Petitioners' claims, "Petitioners would have a compelling argument ... to proceed to decision on the basis that the issues as stated are of importance to the public interest and 'capable of repetition yet evading review.'" Id. at 435 n.34 (citation omitted). Our Supreme Court explained: "At the inception of any action such as the one presented – the public importance of which cannot be disputed – there inheres the risk that the General Assembly will move the goalposts by enacting new legislation …." Id.

6

Unfortunately, neither the petition for review nor the record affords this Court a basis to determine the possible impact of Act 35 on the causes of action currently pled by Petitioners.[6]  In addition, we are mindful of our Supreme Court's comments on mootness in William Penn II.  Accordingly, at this juncture we cannot say as a matter of law that the abrogation of the statutory funding scheme challenged by Petitioners renders their challenges moot.  We will therefore defer action on the application for dismissal pending further supplementation of the pleadings or the record by the parties in accordance with the attached order.

## B. Demurrer/Petitioners' Pleading

In his supplemental brief, Senator Scarnati also challenges the sufficiency of Petitioners' pleading.  Specifically, he contends the petition for review fails to set forth sufficient facts to provide the necessary causal links between the alleged infirmities of the educational funding scheme and the resulting harm averred by Petitioners.  We discern no merit in this argument.

Because Pennsylvania is a fact-pleading state, a civil complaint must aver sufficient facts to apprise the defendant of the nature and extent of the plaintiff's claim, so that the defendant can prepare to meet the plaintiff's evidence at trial. Clark v. Se. Pa. Transp. Auth., 691 A.2d 988 (Pa. Cmwlth. 1997).  However, that does not mean the plaintiff must plead the facts in such detail as to eliminate the need for discovery.  Rather, Pennsylvania's fact-pleading rules arise from the

---

[6] At oral argument, counsel for Petitioners contended that Paragraph 150 of the petition for review referenced persistent problems in the current public school funding system so as to dispel any factual doubts about mootness.  Our review of the averments in the petition for review, however, convinces us that the "current school financing arrangement" is not described in sufficient detail to allow us to resolve the issue at this point.

7

premise that discovery can be narrowed if the pleadings initially define the contours of the dispute. McNeil v. Jordan 814 A.2d 234 (Pa. Super. 2002), rev'd on other grounds, 894 A.2d 1260 (Pa. 2006). Senator Scarnati's demurrer seeks a level of detail far exceeding what is required for an initial pleading defining the contours of the dispute.

A fair reading of the petition for review reveals that it avers sufficient facts to allow Respondents to understand the nature of Petitioners' claims. The petition for review is extensive and detailed. It sets forth Petitioners' challenges to the constitutionality of "the current school financing arrangement," at least as it existed in 2014, with specificity and clarity. Indeed, the opinion of our Supreme Court in William Penn II demonstrates the sufficiency of Petitioners' pleading. The Supreme Court was clearly able to discern from the petition for review the nature and extent of Petitioners' claims, notably including the alleged causal link between the alleged constitutional defects to the "current funding scheme" and the harm averred by Petitioners.

Moreover, Pa. R.C.P. No. 1028(b) expressly requires that all preliminary objections must be asserted at one time. Petitioners correctly point out that Senator Scarnati's demurrer relating to fact-pleading requirements was not among the Legislative Branch Respondents' preliminary objections. Rather, it appeared for the first time in Senator Scarnati's supplemental brief. Having failed to assert a demurrer relating to fact-pleading in the original preliminary objections, Senator Scarnati waived that objection to the sufficiency of the petition for review. Pa. R.C.P. No. 1032(a).

8

Further, this Court's order authorizing supplemental briefing only allowed the parties to "supplement the arguments made in their prior briefs regarding the <u>preliminary objections that they previously filed.</u>" Cmwlth. Ct. Order, 1/4/18 (emphasis added). Our order did not authorize the addition of preliminary objections not previously asserted.

Accordingly, we overrule the objection concerning Petitioners' pleading of causation.

## C. Sovereign Immunity

In their preliminary objections, supported in their original brief, Executive Branch Respondents asserted immunity to the claims in the petition for review. Executive Branch Respondents acknowledged that suits seeking restrictive injunctions against state officials are not barred by immunity, but contended those seeking mandatory injunctions are barred. <u>Fawber v. Cohen</u>, 532 A.2d 429 (Pa. 1987). Executive Branch Respondents suggested the petition for review seeks to compel affirmative acts by Respondents, and is therefore subject to the bar of immunity.

In response, Petitioners argued immunity does not bar a declaratory judgment action asserting unconstitutionality of a statute. <u>Wilkinsburg Police Officers Ass'n v. Commonwealth</u>, 636 A.2d 134 (Pa. 1993). Further, Petitioners argued immunity does not bar an action seeking to compel state officials to comply with <u>constitutional</u> rather than statutory mandates. <u>Twps. of Springdale & Wilkins v. Kane</u>, 312 A.2d 611 (Pa. Cmwlth. 1973).

In their supplemental brief on remand, Remaining Executive Branch Respondents abandoned their preliminary objection asserting immunity. They conceded that "Petitioners' demands are more expansive," and the defense of immunity would not fully dispose of Petitioners' claims. Supp. Br. on Executive Branch Respondents' Prelim. Objs. to Pet. for Review, at 10-11 n.4. The Board of Education did not develop the immunity argument further and did not separately address the arguments and authorities offered by Petitioners on the immunity issue.

The reasoning of Remaining Executive Branch Respondents is persuasive. Accordingly, and in light of the limited development of the Board of Education's argument, we overrule the Executive Branch Respondents' preliminary objection of sovereign immunity. We acknowledge that the immunity defense has been preserved for reassertion in the appropriate pleadings by Executive Branch Respondents, including the Board of Education.

### D. Separation of Powers Doctrine

Executive Branch Respondents asserted a further preliminary objection to the petition for review, contending Petitioners' claims were barred by the doctrine of separation of powers among the three branches of state government. On remand, the Board of Education reasserts this objection. However, our Supreme Court's analysis in <u>William Penn II</u> foreclosed this argument.

The principle of separation of powers among the branches of government was intertwined with the discussion of justiciability in <u>William Penn II</u>. Our Supreme Court observed that generally, "'the exercise of the judiciary's power

to review the constitutionality of legislative action does not offend the principle of separation of powers ….'" Id. at 438 (quoting Hosp. & Health System Ass'n of Pa. v. Commonwealth, 77 A.3d 587, 596 (Pa. 2013); Sweeney v. Tucker, 375 A.2d 698, 705 (Pa. 1977)). As the Court explained, "'[T]he need for courts to fulfill their role of enforcing constitutional limitations is particularly acute where the interests or entitlements of individual citizens are at stake.'" Id. (quoting Hosp. & Health System Ass'n, 77 A.3d at 597; citing Sweeney, 375 A.2d at 709).

We are persuaded by our Supreme Court's reasoning and conclude that the doctrine of separation of powers does not bar Petitioners' claims. Accordingly, we overrule the preliminary objection relating to the separation of powers doctrine.

## E. Nature of Rights/Level of Scrutiny

Analysis of a constitutional challenge to a statute begins with a determination of the proper level of scrutiny to be applied in examining the statute:

> The determination of the appropriate level of scrutiny (effectively, the standard of judicial review) depends upon the type of interest affected by the classification. Generally speaking, there are three different types of classifications calling for three different standards of review: (1) classifications which implicate a suspect class or a fundamental right are strictly construed in light of a compelling governmental purpose; (2) classifications which implicate an important though not a fundamental right or a sensitive classification are assessed under a heightened standard of scrutiny which seeks an important governmental purpose; and (3) classifications which involve none of these classes or rights are upheld if there is any rational basis for the classification.

11

<u>Kramer v. Workers' Comp. Appeal Bd. (Rite Aid Corp.)</u>, 883 A.2d 518, 533 (Pa. 2005) (citations omitted).

Speaker Turzai presumes a constitutional challenge based on the right to an adequate public education is subject either to strict scrutiny review or rational basis review. He contends the proper level of scrutiny is rational basis review.

However, in their supplemental brief, Petitioners urge that even if not subject to strict scrutiny, the right at issue is at least sufficiently important to trigger heightened, or intermediate-level, review. No other party provides any analysis of intermediate-level review or its potential applicability in this case; nor did our Supreme Court do so in <u>William Penn II</u>.

Petitioners urge us not to decide the level of scrutiny at this stage of the case. They argue for a fully developed historical record at trial before such a ruling. However, it is not clear what issues would arise regarding the appropriate level of constitutional scrutiny that would justify awaiting trial before determining the applicable level of scrutiny.

Speaker Turzai, the only Respondent to address the level of scrutiny in any detail, asks this Court to decide it at the preliminary objection stage. However, we decline to address the issue in a dispositive manner at this stage in light of the limited analysis provided so far by the other parties. Accordingly, we overrule, without prejudice, preliminary objections addressing the applicable level of scrutiny,

pending further development of the record and legal analysis by the parties in accordance with the attached order.

## IV. Conclusion

Based on the foregoing discussion, this Court defers ruling on the application for dismissal for mootness, pending further development by the parties as set forth in the accompanying order. Similarly, we overrule, without prejudice, preliminary objections addressing the applicable level of scrutiny. After allowing for the development of the record on this issue, any party may invite the Court's ruling. All other preliminary objections are overruled.

_____

ROBERT SIMPSON, Judge

President Judge Leavitt and Judges Brobson, Covey, and Fizzano Cannon did not participate in the decision in this case.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Penn School District;                        :
Panther Valley School District;                      :
The School District of Lancaster;                    :
Greater Johnstown School District;                   :
Wilkes-Barre Area School District;                   :
Shenandoah Valley School District;                   :
Jamella and Bryant Miller, parents of                :
K.M., a minor; Sheila Armstrong,                     :
Parent of S.A., minor; Tyesha                        :
Strickland, parent of E.T., minor;                   :
Angel Martinez, parent of A.M.,                      :
minor; Barbara Nemeth, parent of                     :
C.M., minor; Tracey Hughes, parent                   :
Of P.M.H., minor; Pennsylvania                       :
Association of Rural and Small Schools;              :
and The National Association for the                 :
Advancement of Colored                               :
People–Pennsylvania State Conference,                :
                  Petitioners  :
                                                 :
         v.  :   No. 587 M.D. 2014
                                                 :
Pennsylvania Department of Education;                :
Joseph B. Scarnati III, in his official              :
capacity as President Pro-Tempore of                 :
the Pennsylvania Senate; Michael C.                  :
Turzai, in his official capacity as the              :
Speaker of the Pennsylvania House of                 :
Representatives; Tom W. Wolf,                         :
in his official capacity as the Governor             :
of the Commonwealth of Pennsylvania;                 :
Pennsylvania State Board of Education;               :
and Pedro Rivera, in his official                    :
capacity as the Acting Secretary of                  :
Education,                                           :
                  Respondents  :

# **O R D E R**

**AND NOW**, this 7th day of May, 2018, upon consideration of Respondents' preliminary objections and Petitioners' responses thereto, as well as the parties' original and supplemental briefs, it is hereby **ORDERED** as follows:

1. This Court will defer ruling on the application for dismissal for mootness, pending further development of the issue by the parties. Petitioners may file any amended pleading, shall submit factual support under oath or penalty of law for their argument against mootness, and may file further written argument, within 60 days of the date of this Order. Respondents may file any responsive materials within 90 days of the date of this Order. Thereafter, any party may file a written application for decision of this issue by the Court.

2. This Court **OVERRULES, without prejudice,** preliminary objections concerning the nature of the constitutional rights at issue and the corresponding level of judicial scrutiny to be applied, because the issues have not been sufficiently developed by the parties. The parties may conduct limited discovery, confined to these issues. The parties shall complete any such discovery within 120 days of the date of this Order. Any party may then file a motion for partial summary relief, also confined to these issues, within 30 days of the end of the discovery period. Thereafter, this Court will order a mandatory briefing schedule and schedule argument.

3.	All other preliminary objections are **OVERRULED**.


                                                      _____

ROBERT SIMPSON, Judge